**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TYLER A. MELLICK,
           Appellant,

      v.

DEPARTMENT OF THE INTERIOR,
           Agency.

DOCKET NUMBER
SF-0752-16-0121-B-1

DATE: February 9, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brook L. Beesley, Alameda, California, for the appellant.

Scott Wesley Hulbert, Esquire, Boise, Idaho, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2     Effective October 22, 2015, the agency removed the appellant from the position of Electrician for violating a last chance agreement (LCA).  *Mellick v. Department of the Interior*, MSPB Docket No. SF-0752-16-0121-I-1, Initial Appeal File (IAF), Tab 7 at 18-19.  The parties entered into an LCA in settlement of the appellant's appeal of his October 17, 2014 removal for cause.  *Mellick v. Department of the Interior*, MSPB Docket No. SF-0752-15-0111-I-1, Initial Decision (Mar. 5, 2015).  In the LCA, the agency agreed to return the appellant to duty, and he agreed that, if he committed one infraction or incident of misconduct of any type that would merit disciplinary action at the level of a suspension or higher, the agency would find him in violation of the agreement and he would voluntarily resign, or, in the absence of his resignation, the agency would separate him for violating the agreement.  IAF, Tab 7 at 79-85.  The appellant also agreed to waive procedural and appeal rights to challenge any subsequent resignation or removal.  *Id*. at 84.

¶3      The appellant appealed the removal action to the Board.  IAF, Tab 1.  The administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction, IAF, Tab 9, Initial Decision, and the appellant filed a petition for review, *Mellick v. Department of the Interior*, SF-0752-16-0121-I-1, Petition for Review File, Tab 1.  The Board granted the petition, finding that, although the appellant's misconduct breached the LCA, he nonfrivolously alleged that the agency breached the LCA's confidentiality provision, and the Board remanded the appeal for a jurisdictional hearing.  *Mellick v. Department of the Interior*, MSPB Docket No. SF-0752-16-0121-I-1, Remand Order at 4-6 (Jul. 8, 2016).

¶4      Based on the record developed on remand, including the hearing testimony, the administrative judge found that the appellant failed to meet his burden to prove that the agency breached the LCA's confidentiality provision by having the local union president sign the agreement and by disclosing the LCA to the appellant's supervisory chain of command.  *Mellick v. Department of the Interior*, MSPB Docket No. SF-0752-16-0121-B-1, Remand File (RF), Tab 23, Remand Initial Decision (RID) at 5-9.  He also found that the appellant failed to prove that the agency disclosed the LCA to any of his coworkers.  RID at 9-11.

¶5      In his petition for review of the remand initial decision, the appellant disagrees with the administrative judge.  He asserts that the union president was not an authorized signatory to the agreement and asserts that the employees who were told about the LCA, the union president and the appellant's supervisors, were not responsible for its implementation.  Remand Petition for Review (RPFR) File, Tab 5 at 2-5.  He also argues that the administrative judge erred in denying the appellant's motion for sanctions based on the agency's disobedience of a discovery order, erred by not allowing him to present evidence of the agency's motive to disclose the LCA information, and erred by not including in the record some deposition transcript pages that had been accepted at the hearing.  *Id*. at 5-6.  The agency has responded in opposition to the petition.  RPFR File, Tab 7.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>The Board has authority to enforce a settlement agreement's nondisclosure provision.</u>

¶6      The Board has the authority to enforce a settlement agreement that has been entered into the record in the same manner as any final Board decision or order. *Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 8 (2014); *Stasiuk v. Department of the Army*, 118 M.S.P.R. 1, ¶ 5 (2012). Because a settlement agreement is a contract, the Board will adjudicate an enforcement proceeding relevant to a settlement agreement in accordance with contract law. *Stasiuk*, 118 M.S.P.R. 1, ¶ 5; *see Greco v. Department of the Army*, 852 F.2d 558, 560 (Fed. Cir. 1988). Under settled contract law, the party alleging breach of a settlement agreement has the burden of proving such breach. *Hernandez v. Department of Defense*, 115 M.S.P.R. 445, ¶ 8 (2010), *aff'd* 451 F. App'x 956 (2012); *Kramer v. Department of the Navy*, 46 M.S.P.R. 187, 190 (1990). Thus, in this appeal, the appellant has the burden to show that the agency materially breached the LCA or otherwise acted in bad faith. *See Willis v. Department of Defense*, 105 M.S.P.R. 466, ¶ 17 (2007).

¶7      A material breach of the term of a settlement agreement is a breach that relates to a matter of vital importance or goes to the essence of the contract. *Hernandez v. Department of Defense*, 112 M.S.P.R. 262, ¶ 6 (2009); *see Lutz v. U.S. Postal Service*, 485 F.3d 1377, 1381 (Fed. Cir. 2007); *Littlejohn v. Department of the Air Force*, 69 M.S.P.R. 59, 62 (1995) (citing 5 Arthur L. Corbin, *Corbin on Contracts* § 1104 (1964)). The breach is material not because it results in a monetary loss, but because the breached provision is material to the agreement. *Mullins v. Department of the Air Force*, 79 M.S.P.R. 206, ¶ 11 (1998). The Board has consistently viewed the violation of nondisclosure provisions in settlement agreements seriously. *Id.*, ¶ 10; *Sena v. Department of Defense*, 66 M.S.P.R. 458, 466 (1995). Condoning such violations would have a

chilling effect on attempts to settle appeals. *Mullins*, [79 M.S.P.R. 206](), ¶ 10; *Sena*, 66 M.S.P.R. at 466.

<u>The administrative judge properly found that the appellant failed to show by preponderant evidence that the agency breached the confidentiality term of the LCA.</u>

¶8      The administrative judge properly found that the appellant failed to show that the agency had the local union president sign the LCA without the appellant's knowledge or consent.  As the administrative judge found, the appellant was fully aware based on the language in the LCA that the Columbia Basin Trades Council (CBTC) was a party to the agreement and that the CBTC president would sign on its behalf.  ID at 6.  The appellant's signature on the LCA is on the same page as the signature block for the CBTC representative.  RF, Tab 21, Subtab 2.  Further, the LCA contains specific terms pertaining to the CBTC, specifying that it will not pursue any appeal, grievance, or unfair labor practice complaint over the actions identified in the agreement but that it reserves the right to file a grievance over whether the LCA has been violated.  *Id*. at 2.  The administrative judge found incredible the appellant's testimony that all references to the CBTC had been deleted from the copy of the LCA that he signed in light of the words of the agreement and the appellant's failure to produce a copy of the LCA consistent with his version of events.[2]  RID at 7.  The administrative judge's credibility determination is entitled to deference.  *See Haebe v. Department of Justice*, [288 F.3d 1288](), 1301 (Fed. Cir. 2002) (finding that the Board must defer to an administrative judge's credibility determinations

---

[2] The parties executed the settlement agreement in two parts, a settlement agreement and release, RF, Tab 21, Subtab 1, and an LCA that contains the additional terms of the agreement, RF, Tab 21, Subtab 2.  The former references the latter, and the appellant signed both on the same day, March 4, 2014.  RF, Tab 21, Subtab 1 at 2, 4, Subtab 2 at 3.  The former does not reference the CBTC and is not signed by the Council president.  RF, Tab 21, Subtab 1.  The latter, as noted, references the CBTC and is signed by the Council president.  RF, Tab 21, Subtab 2.  The confidentiality provision is a term of the settlement agreement and release.  RF, Tab 21, Subtab 1.

when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing).

¶9    The administrative judge also properly found that disclosure of the LCA to supervisors in the appellant's chain of command was not a breach of confidentiality. The agency's Power Manager, who signed the LCA, admitted that he explained to his subordinate managers in the appellant's chain of command that the appellant was returning to work pursuant to an LCA and that the Power Manager wanted the appellant treated fairly, but he did not disclose the specific terms and conditions of the agreement to the subordinate managers. Hearing Transcript (HT) at 64-65, 67, 72 (testimony of Power Manager). We agree with the administrative judge that the LCA's confidentiality provision would not be breached by its disclosure to the personnel necessary for its enforcement and execution. RID at 8. Importantly, the nondisclosure provision does not specify that information about the settlement agreement be confined to any particular part of the agency. *See Shirley v. Department of the Interior*, [120 M.S.P.R. 195](#), ¶ 27 (2013). Here, the appellant was returning to work as part of the agreement, and it was reasonable for the signatory manager to provide a brief explanation to the appellant's managers regarding why this was occurring and urge them to treat the appellant fairly without revealing the specific terms of the LCA. We agree with the administrative judge that the subordinate managers would have a role in implementing the LCA as they would be observing the appellant's conduct upon his return to duty. RID at 8.

¶10    The administrative judge properly found that the appellant failed to show that there was any disclosure of the LCA to the appellant's coworkers. RID at 9. The appellant testified that coworkers wondered how he had been able to return to work and that he brought this to the attention of the Power Manager and his deputy. HT at 122-23 (testimony of the appellant). The Power Manager testified that he explained to the appellant that his coworkers would have been aware that he had been removed and when he returned to work they would have surmised

that there was some sort of agreement that allowed him to return. HT at 66-67 (testimony of Power Manager). Moreover, the Power Manager testified that agency managers did not tell the appellant's coworkers about the agreement, HT at 74 (testimony of Power Manager), and his deputy testified that he did not tell anyone about the agreement, HT at 89 (testimony of deputy Power Manager). The administrative judge found their testimony credible and we discern no reason not to afford that determination the appropriate deference. RID at 10-11; *see Haebe*, 288 F.3d 1288, 1301.

<u>The appellant failed to show that the administrative judge committed adjudicatory error that harmed the appellant's substantive rights.</u>

¶11     It is well settled that administrative judges have broad discretion to regulate the proceedings before them, including the authority to rule on discovery motions and to impose sanctions as necessary to serve the ends of justice. *See Guzman v. Department of Veterans Affairs*, 114 M.S.P.R. 566, ¶ 12 (2010); *see also* 5 C.F.R. §§ 1201.41(b), 1201.43(a). The appellant's assertion that the administrative judge abused his discretion in denying the appellant's motion to sanction the agency is unavailing. Here, the agency suspended the deposition of the Power Manager after the first hour on the basis that the appellant's representative did not ask questions pertinent to the narrow issue in the remand appeal. RF, Tab 12 at 1-2. The administrative judge found that the agency did not have a basis to suspend the deposition and granted the appellant's motion to compel the Power Manager's deposition. *Id*. at 2. Subsequently, the administrative judge denied the appellant's request for sanctions against the agency for suspending the deposition. RF, Tab 15. We find no abuse of discretion under the circumstances, as it appears that the agency complied with the administrative judge's order compelling the Power Manager's deposition. *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 16 (2015) (finding that a decision regarding the imposition of sanctions is a matter within the administrative judge's sound discretion and, absent a showing that such discretion has been abused, the administrative judge's

determination will not be found to constitute reversible error), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016); *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992) (stating that the Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table).

¶12      Also unavailing is the appellant's assertion that the administrative judge abused his discretion in limiting certain lines of questioning about the motivation of agency employees.  During the hearing, the appellant testified that, after his return to duty, his coworkers were harassing him.  HT at 127-28 (testimony of the appellant).  When agency counsel questioned the relevance of this testimony, the appellant's representative argued that the coworkers were motivated to get the appellant to violate the LCA.  HT at 128 (statement of the appellant's representative).  The administrative judge found such a line of questioning irrelevant to whether these employees knew of the LCA, and precluded it.  HT at 128, 130 (ruling made by the administrative judge).  We find that the administrative judge properly exercised his authority in permitting only evidence relevant to the issue on remand; that is, whether the agency disclosed the LCA to the appellant's coworkers.  *Wagner v. Environmental Protection Agency*, 51 M.S.P.R. 337, 347 (1991), *aff'd*, 972 F.2d 1355 (Fed. Cir. 1992); *see* 5 C.F.R. § 1201.41(b)(3).

¶13      Regarding the appellant's assertion that the administrative judge improperly failed to include deposition transcript pages in the record, the appellant is not specific about what deposition transcript pages were improperly excluded. During the hearing, the appellant's representative attempted to impeach the Power Manager by referring to his deposition testimony.  HT at 20-21 (questioning by the appellant's representative).  The administrative judge found that the Power Manager's hearing testimony and deposition testimony were not inconsistent.  HT at 22 (finding made by the administrative judge).  The appellant's representative stated that he had a copy of the deposition for the record.  *Id*. (statement of the

appellant's representative).  Thus, the administrative judge allowed the appellant the opportunity to impeach the witness through use of his deposition testimony. To the extent that the administrative judge failed to include in the record the copy of the deposition that the appellant used during the hearing, the appellant has failed to show that the failure harmed his substantive rights.  An adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision.  *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶14      In sum, because the agency established that the appellant breached the LCA through misconduct, and the appellant failed to prove that the agency materially breached the LCA's confidentiality provision, the appellant failed to show that his waiver of appeal rights in the LCA should not be enforced.  *See Willis*, 105 M.S.P.R. 466 ¶ 17 (finding that, to establish that a waiver of appeal rights in an LCA should not be enforced, an appellant must show that:  (1) he complied with the LCA; (2) the agency materially breached the LCA or acted in bad faith; (3) he did not voluntarily enter into the LCA; or (4) the LCA resulted from fraud or mutual mistake).  Accordingly, we conclude that the administrative judge properly dismissed the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:           /s/ for
           Jennifer Everling
           Acting Clerk of the Board

Washington, D.C.